BEFORE THE THIRD DIVISION, APRIL 21, 1955

**No. 58996.**—Dorf International, Ltd. *v.* United States, protest 198659–K (New York).

Opinion by JOHNSON, J.   It was stipulated that customs Form 3343, executed by Mrs. Susie Latreille, the actual importer, was filed with and at the time of entry of the merchandise, in compliance with customs regulations, and that claim was made for free entry under paragraph 1811; that a bond was given with the entry to produce the foreign vendor's declaration, but since the bond period expired without the production of such document, the entry was liquidated, and duty was assessed on the articles; and that, subsequent to the liquidation, an affidavit of the owner was submitted and accepted by the collector, in lieu of the vendor's declaration.   From notations of the appraiser on the official papers it appeared that the articles were described by him as artistic antiquities produced prior to 1830.   In a memorandum of the collector, dated March 11, 1954, it was stated that the protest would have been allowed by him had the affidavit of the owner been available within the 90-day review period provided for in section 515. The affidavit of Mrs. Latreille stated that the following articles were purchased by her in 1949 from John Bell, an antique dealer in Scotland, and that from the information given by him and her personal knowledge of antiques, it was her opinion and belief that they were made prior to the year 1830:

> 1 Davenport Crocus Pot
> 1 Sevres Box
> 1 Silhouette
> 1 Brass Door Knocker
> 1 Coleport Dressing Table Set ·
> 1 Chinese Lowestoft Mug
> 1 Tea Chest containing one globe and one cut glass vase
> 1 Pair Decanters
> 2 Chinese Lowestoft Mugs
> 2 Silhouettes
> 1 Quilt
> 1 Pair Derby Spill Vases
> 1 Floor Derby Tea Set

On the record presented, the above-described articles were held entitled to free entry, as claimed.

**No. 58997.**—John V. Carr & Son, Inc. *v.* United States, protests 170373–K, etc. (Detroit).

Opinion by JOHNSON, J.   In accordance with stipulation of counsel that the merchandise consists of beef similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiff was sustained.